The act of 1777, ch. 2, organizing the Superior and county courts, gave to the latter jurisdiction of this offense; and the section by which it is conferred concludes with these words, "and other misdemeanors of what nature or kind soever, of an inferior nature." If the words of "an inferior nature" had, prior to this act, a certain and definite meaning, it is admitted that the mode of using them here would not have changed it. But, as no such precise meaning was attached to them, we know of no more certain rule than the one contained in (157) the act. It gives to the Superior Court jurisdiction over all offenses affecting life, limb, or member, and to the inferior courts jurisdiction over all petty larcenies, assaults and battery, etc., and other misdemeanors of an inferior nature. The act since passed, declaring in what cases the State shall be liable for costs, does not affect this case, for it is evident the Legislature did not intend to graduate offenses. They had other objects in view, and, except as to them, were careless of the expressions employed. It is evident, too, that the act was penned by a person totally ignorant of technical terms, for he thought capital punishment and corporal punishment were the same. The rule, therefore, which we should lay down, and which is founded on the act of 1777, is this, that in no case where the punishment extends to life, limb, or member can the court, on the acquittal of the defendant, order the prosecutor to pay costs. In all other cases it may be done, if the prosecution should appear to be frivolous or malicious.
Let the prosecutor pay the costs.
Cited: S. v. Cockerham, 23 N.C. 382; Rees v. Williams, 165 N.C. 208,209. *Page 125